Mark S. Askanas (SBN 122745)
Dylan B. Carp (SBN 196846)
Steven Koyanagi (SBN 269094)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone:    (415) 394-9400
Facsimile:    (415) 394-9401
Email: askanasm@jacksonlewis.com
         carpd@jacksonlewis.com
         steven.koyanagi@jacksonlewis.com

Attorneys for Defendant
OMNEX GROUP, INC. d/b/a GIROMEX, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIBEL CEDENO, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>OMNEX GROUP, INC. d/b/a GIROMEX, INC.,<br><br>    Defendant. | Case No. CV11-5521 EDL<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AS MODIFIED**<br><br>Date: April 3, 2012<br>Time: 10 a.m.<br><br>Complaint filed: November 15, 2011 |

**FACTUAL BACKGROUND**

On April 3, 2012, this Court conducted a hearing on Defendant Omnex Group, Inc. d/b/a Giromex, Inc.'s ("Defendant") Motion for Preliminary Approval of Class Action Settlement ("Motion"). This Court has received and fully reviewed the Motion and Memorandum of Points and Authorities in support thereof, the Stipulation of Settlement and Release ("Settlement") as amended by the Stipulation of Cy Pres Designee, the proposed Class Notice, including the Claims Form and Exclusion Form, the Proposed Order Granting Defendant's Motion for Preliminary Approval of Class Action Settlement, and the declarations of Maribel Cedeno and Charles Kelly.

In recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class-action settlement, and to conduct a fairness hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, this Court HEREBY ORDERS and MAKES DETERMINATIONS as follows:

## I. CONDITIONAL CERTIFICATION OF A SETTLEMENT CLASS AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

1. The Court finds that certification of the following class ("Class" or "Settlement Class"), for settlement purposes only, is appropriate: All persons employed by Giromex as Branch Tellers within the State of California at any time between November 15, 2007 and the date of preliminary approval.

2. Where, as here, the parties reach a settlement agreement prior to class certification, a district court must first assess whether a class exists. Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003). Under the law regarding class settlement, the Parties can stipulate that the defined class be conditionally certified for settlement purposes only. See Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620 (1997). If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class in this action should be certified in a non-settlement context. The Court's findings are for purposes of certifying the Settlement Class for settlement purposes only and will not have any claim or issue or evidentiary preclusion or estoppel effect in any other action or in this action if the Settlement is not finally approved or final judgment is not entered.

3. With respect to the Settlement Class, the Court finds, for settlement purposes only, that the proposed class meets the requirements of numerosity, commonality and typicality to justify certification and that resolution of this matter through a class action is superior to other available methods.

4. The Court finds, for settlement purposes only, and with no other effect on this action, including if the Settlement is not ultimately approved or final judgment is not entered, Plaintiff Maribel Cedeno adequately represents the Class and appoints her as Class

Representative in this case.

5. The Court also finds, for settlement purposes only, that Plaintiff's counsel, Hersh & Hersh, A Professional Corporation, adequately represents the Class and is hereby appointed as Class Counsel.

6. The Court further finds, for settlement purposes only, that Plaintiff's collective action under the Fair Labor Standards Act is appropriate for conditional certification because Plaintiff has demonstrated that the putative collective action members are similarly situated.

## II. PRELIMINARY APPROVAL OF THE SETTLEMENT

7. Under Rule 23(e), the Court must determine whether a proposed class action settlement is "fundamentally fair, adequate, and reasonable." See Fed. R. Civ. Pro. 23(e)(2); Staton v. Boeing Co., 327 F.3d 938, 959 (9th Cir. 2003).

8. The Court has reviewed the Settlement and the proposed Class Notice, Claim Form, and Exclusion Form. The Court finds on a preliminary basis that the Settlement and the proposed Class Notice appear to be within the range of reasonableness of a settlement which could ultimately be given final approval by this Court. It appears to the Court on a preliminary basis that the settlement amount is fair and reasonable to all potential Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues. Plaintiff has asserted violations of the Fair Labor Standards Act, the California Labor Code and other state laws. Defendant denies any liability or wrongdoing of any kind whatsoever alleged in Plaintiff's Complaint. Defendant further maintains that whether a class could ultimately be certified is disputed, and agrees to a class settlement in the interest of compromising and resolving this action. The Parties recognize the risks involved in prosecuting and defending this action, including significant delay, defenses asserted by Defendant, and potential appellate issues. It further appears that settlement at this time will avoid additional substantial costs which have already been incurred by both Parties, as well as avoid the delay and risks that would be presented by further prosecution of the litigation. It further appears that the proposed settlement has been reached as the result of serious and non-collusive arm's-length negotiations. It further

appears that extensive and costly investigation and research has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions.

9. In connection with its preliminary approval of the Settlement, the Court appoints CPT Group, Inc. to act as the Claims Administrator who will administer the settlement according to the terms of the Settlement, as approved by this Court.

### III. APPROVAL OF DISTRIBUTION OF THE NOTICE OF SETTLEMENT

10. Rule 23(e) provides that a court "must direct notice in a reasonable manner to all class members who would be bound by" a proposed class action settlement. Fed. R. Civ. Pro. 23(e)(1). This Court finds the proposed Class Notice, Claim Form (including Claims Form and Exclusion Form), which are attached hereto as Exhibit B, C, and D, fairly and adequately advise the potential class members of the terms of the proposed Settlement and the claims process for the class members to obtain the benefits available thereunder, as well as the right of class members to opt out of the class, to challenge the number of "Qualifying Years" reported by Defendant from their records, to file documentation in objection to the proposed settlement, and to appear at the Final Approval Hearing to be conducted at the date set forth below. Such notice will be sent by first-class mail through the United States Postal Service, postage pre-paid, to each identified class member at his or her last known address. In the case of any returned mail, the Claims Administrator will perform a standard skip trace to ascertain the current address of the particular class member in question and re-send the notice within five (5) business days of receiving such information. The Court finds that this proposed notice to class members is reasonable and comports with all constitutional requirements, including those of due process.

11. The proposed Claim Form allows class members a full and fair opportunity to submit a claim for proceeds under the Settlement. The Claim Form fairly, accurately, and reasonably informs class members of the consequences of a failure to complete and submit a Claim Form, including the release of the class members' claims.

12. Accordingly, good cause appearing, the Court hereby approves the proposed Class Notice, Claims Form and Exclusion Form, and orders the Class Administrator to

distribute the said Class Notice, Claims Form, and Exclusion Form in the manner and pursuant to the procedures described in the Settlement.

## IV. FINAL APPROVAL HEARING AND SCHEDULE

13. The Court hereby grants the Parties' motion to set a Final Approval Hearing and orders the following schedule of dates for further proceedings:

a. Within fifteen (15) business days of preliminary approval of the settlement, Defendant shall provide to the Claims Administrator the number of Qualifying Years for purposes of calculating the Settlement Awards.

b. Within fifteen (15) business days after preliminary approval of the Settlement, Defendant shall provide the Claims Administrator the names, dates worked, and, if available, last known contact information, for the Class, including social security numbers or other identifying information in Defendant's custody, possession, or control.

c. Mailing of the Class Notice and Claim Form to the Settlement Class shall be completed within forty-five (45) days from the receipt of the Qualifying Years and Class List.

d. The deadline to Postmark Valid Claim Forms, Disputes, Requests for Exclusion and/or Objections shall be forty-five (45) days from the mailing of the Class Notice and Claim Form.

e. The Motion for Final Approval of the Settlement Agreement shall be filed by September 4, 2012.

f. The Final Approval Hearing will be heard on October 9, 2012, at 450 Golden Gate Avenue, San Francisco, CA 94102, in the Courtroom of the Honorable Elizabeth D. Laporte.

14. Class Members who object to the proposed Settlement must appear and present such objections or disputes at the Final Approval Hearing in person or by counsel, provided that the objecting class member files a written objection and a notice of intention to appear at the Final Approval Hearing, and sends copies to the Parties' counsel as set forth in the Class Notice no later than the deadline set forth therein, and appears at the Final Approval Hearing. No person

shall be heard, and no briefs or papers shall be received or considered, unless the foregoing documents have been filed and served as provided in this Order, except as this Court may permit for good cause shown.

**IT IS FURTHER ORDERED** that, to the extent permitted by law, pending final determination as to whether the Settlement should be approved, the Class Representative and all class members who do not opt out of the Settlement, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in this action, shall not institute or prosecute any claims or actions against Defendant which fall within the definition of the Released Claims in the Settlement, and any pending actions against Defendant, whether in court, arbitration or pending before any state or federal governmental administrative agency, are stayed on an interim basis as to any claims that fall within the definition of the Released Claims, and all such pending actions will be subject to the final judgment in this action, absent submission of a valid and timely opt-out request, in which case the individual opting out may pursue his or her individual claims, but not class or representative claims, that fall within the definition of the Released Claims.

**IT IS FURTHER ORDERED** that, if for any reason the Court does not grant final approval of the Settlement, or the Settlement otherwise does not become effective in accordance with the material terms of the Settlement, this Order shall be rendered null and void and shall be vacated, the Parties shall revert to their respective positions before entering into the Settlement, and all evidence and proceedings held in connection with the Settlement shall be without prejudice to the status quo ante rights of the Parties to the action as more specifically set forth in the Settlement.

**IT IS SO ORDERED.**

DATED: April 6, 2012

_/s/ Elizabeth D. Laporte_
Hon. Elizabeth D. Laporte

4811-3312-7694, v. 1