Nancy Hersh (SBN 49091)
Charles C. Kelly, II (SBN 122253)
Matthew D. Carlson (SBN 273242)
HERSH & HERSH, A Professional Corporation
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102-6388
Telephone: (415) 441-5544
Email: ckelly@hershlaw.com
Email: mcarlson@hershlaw.com

Attorneys for Plaintiffs
Maribel Cedeno, *et al.*

Mark S. Askanas (SBN 122745)
Dylan B. Carp (SBN 196846)
Steven Koyanagi (SBN 269094)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
Email: askanasm@jacksonlewis.com
carpd@jacksonlewis.com
steven.koyanagi@jacksonlewis.com

Attorneys for Defendant
OMNEX GROUP, INC. d/b/a GIROMEX, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIBEL CEDENO, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>OMNEX GROUP, INC. d/b/a GIROMEX, INC.,<br><br>Defendant. | Case No. CV11-5521 EDL<br><br>[PROPOSED] ORDER<br><br>**1. CERTIFYING SETTLEMENT CLASS;**<br><br>**2. FINALLY APPROVING PROPOSED SETTLEMENT;**<br><br>**3. ENTERING JUDGMENT**<br><br>**GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: October 9, 2012<br>Time: 10 a.m.<br><br>Complaint filed: November 15, 2011 |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Plaintiff Maribel Cedeno ("Plaintiff") and Defendant Omnex Group, Inc. d/b/a Giromex,

---

1

[PROPOSED] ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT                                                                    Case No: CV11-5521

Inc. ("Defendant") have reached terms of settlement for a class action, memorialized in the Stipulation of Class Action Settlement and Release ("Settlement Agreement") (*see* Declaration of Dylan B. Carp in Support of Joint Motion for Final Approval of Settlement, Exh. A).

On April 9, 2012, this Court (1) certified a class for settlement purposes, (2) preliminarily approved the terms of the proposed class action settlement as fair, reasonable, and adequate, and (3) authorized notice to the settlement class of the terms of the proposed settlement.

On September 4, 2012, Plaintiff moved for an Order awarding Class Representative Enhancement payments, attorney's fees, and reimbursement of costs incurred by Class Counsel.

Having completed the process of providing notice to the Settlement Class, and no objectors having come forward, the Parties have filed a Joint Motion for Final Approval of the Proposed Class Action Settlement ("Final Approval Motion").

The Settlement Agreement between the Parties provides that the Parties stipulate to certification of a Class for settlement purposes only. The Settlement Agreement is conditioned upon, among other things, the Court's approval. Capitalized terms in this Order shall have the same meaning as in the Settlement Agreement unless indicated otherwise.

After reviewing the Settlement Agreement, the Notice of Class Action and Pending Settlement ("Class Notice"), and other related documents, the Final Approval Motion, the Declarations of Charles C. Kelly, II and Dylan B. Carp in support of Final Approval Motion, and the Declaration of Abel Morales of CPT Group, Inc. regarding the notice and claims process, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court finds that the proposed Fair Labor Standards Act ("FLSA") class satisfies the requirements of a collective action under 29 U.S.C. § 216(b). The requirements of 29 U.S.C. § 216(b) are satisfied because Plaintiff and the collective actions members are "similarly situated."

2. The Court finds that the proposed Rule 23 class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is

impracticable, there are questions of law or fact common to the Class, the claims of Plaintiffs are typical of the claims of the Class; and Plaintiffs will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

3. The Court hereby grants final approval of the parties' Settlement Agreement as it meets the criteria for final settlement approval. The settlement falls within the range of possible approval as fair, adequate and reasonable, appears to be the product of arm's-length and informed negotiations, and treats all Class Members fairly. The Court further finds that the parties have conducted extensive investigation and research, and the attorneys for the parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the action. The Court has reviewed the monetary recovery being granted as part of the settlement and recognizes the value accruing to the Settlement Class Members. The Court also finds that the response of the Settlement Class weighs in favor of approval in that no objections or requests for exclusion were submitted.

4. The parties' notice plan was constitutionally sound because individual notices were mailed to all Class Members whose identities are known to the parties, and such notice was the best notice practicable. The Class Notice was sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a payment under the settlement or elect not to participate in the settlement, and the processes for doing so. As detailed in the Final Approval Motion, the distribution of the Class Notice and Claim Form (collectively, Notice Packet) directed to the Settlement Class Members has been completed not only in substantial conformity with the Preliminary Approval Order, but beyond the requirements of the Preliminary Approval Order and Settlement Agreement. The Notice Packet provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement terms as set forth in the Settlement, to all persons entitled to such notice. The Class Notice fully satisfied the requirements of due process, having

been sent to all Settlement Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances.

5. The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter: All persons employed by Giromex as Branch Tellers within the State of California at any time between November 15, 2007 and April 9, 2012.

6. Class Members are bound by the Rule 23 settlement unless they submitted a timely and valid written request to be excluded from the settlement. Class Members are bound by the FLSA settlement if they cash the check they receive.

7. Having received no objections, and the time for submitting such objections having past, the Court finds that no valid objections have been submitted and no objections will be considered by the Court.

8. Plaintiff Maribel Cedeno is appointed as Class Representative. Hersh & Hersh, A Professional Corporation, is appointed as Class Counsel.

9. The Court hereby directs Defendant to transmit, in the time specified by the Settlement, all monies necessary to fully fund the distributions payable pursuant to the Settlement Agreement.

10. The Court hereby directs payment to the Claims Administrator, CPT Group, Inc., for fees and expenses, all outstanding amounts to be paid from outside the Gross Settlement Fund pursuant to the Settlement Agreement's terms for such distribution. The Court finds that CPT adequately discharged its obligations as Claims Administrator under the terms of the Settlement Agreement.

11. The Court hereby directs CPT to pay all Settlement Class Members who did not submit exclusion forms in accordance with the terms of the Settlement Agreement.

12. In accordance with the Settlement Agreement, the Court hereby orders that the Settlement Class Members who cash their checks will release their FLSA claims. In accordance with the Settlement Agreement, the Court hereby orders that all Settlement Class Members have

1  released their claims under California law because no Settlement Class Members timely excluded
2  themselves from the settlement.
3      13.    The Court hereby orders that Settlement Class Members who did not timely object
4  to the settlement set forth in the Settlement Agreement are barred from prosecuting or pursuing
5  any appeal of the Court's Order Granting Final Approval to the settlement.
6      14.    The Settlement embodied in the Settlement Agreement is not an admission by
7  Defendant, nor is this Order a finding of the validity of any claims in the lawsuit or of any
8  wrongdoing by Defendant. Neither this Order, the Settlement Agreement, nor any document
9  referred to herein, nor any action taken to carry out the terms of the Settlement Agreement, may be
10 construed as, or may be used as an admission by or against Defendant of any fault, wrongdoing or
11 liability whatsoever.
12     15.    The Court hereby directs that the Clerk of the Court enter the Court's Order as a
13 Final Judgment.
14     16.    The Court hereby orders that, without affecting the finality of the Final Judgment, it
15 reserves continuing jurisdiction over the parties for the purposes of implementing, enforcing
16 and/or administering the settlement or enforcing the terms of the Judgment.
17 **IT IS SO ORDERED.**

18     15
19 DATED: October 9, 2012         *Elizabeth D. Laporte*
                                        Hon. Elizabeth D. Laporte

22 4820-6020-0720, v. 1

5

[PROPOSED] ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION
SETTLEMENT         Case No: CV11-5521